**TURRETT STEEL CORPORATION, a Pennsylvania corporation, Plaintiff,**

v.

**MANUEL INTERNATIONAL INCORPORATED, a New Jersey corporation, Defendant.**

Civ. A. 84–2186.

United States District Court, W.D. Pennsylvania.

July 10, 1985.

388

Robert A. King, Pittsburgh, Pa., for plaintiff.

John Shorall, Pittsburgh, Pa., Robert M. Schwartz, Trenton, N.J., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

This is a civil action seeking damages for breach of contract, breach of express and implied warranties, negligence and misrepresentation stemming from defendant's sale of allegedly defective steel and alleged failure to supply certain other steel. Plaintiff, Turret Steel Corporation, is domiciled in Pennsylvania. Defendant, Manuel International Inc., is a New Jersey corporation. Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332.

Pursuant to Fed.R.Civ.P. 12(b)(2), defendant has moved for dismissal, alleging lack of personal jurisdiction. In the alternative, defendant requests a transfer to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes both motions and the parties have submitted affidavits in support of their positions. Because defendant's contracts with the forum are sufficient to provide personal jurisdiction under the Pennsylvania "long-arm" statute, 42 Pa.C.S.A. § 5322 (Purdon 1981), defendant's Rule 12(b)(2) motion will be denied. Furthermore, defendant has failed to state reasons sufficient to warrant transfer to the District of New Jersey.

The Pennsylvania "long-arm" statute authorizes the assertion of personal jurisdiction over non-resident defendants to the "fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). Thus our exercise of jurisdiction is limited only by the due process clause. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984); *Proctor & Schwartz, Inc. v. Cleveland Lumber Company*, 228 Pa.Super. 12, 16, 323 A.2d 11, 13 (1974). Plaintiff bears the burden of demonstrating contacts between the non-resident defendant and the forum state sufficient to satisfy due process. *Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 363 (3d Cir.1983).

Our analysis of personal jurisdiction must begin with an initial inquiry:

does the cause of action arise from defendant's forum related activity? *Reliance Steel Products Company v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 588 (3d Cir.1982). If so, plaintiff need demonstrate only certain "minimum contacts" so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). If the cause of action arises from a non-forum related activity, a higher threshold of "continuous and substantial" contacts with Pennsylvania must be shown. *Id.* at 318, 66 S.Ct. at 159; See *also Reliance Steel, supra,* 675 F.2d at 588.

█ The instant cause of action is forum related. The transaction in question resulted from defendant's solicitation of sales in Pennsylvania. It is not disputed that defendant mailed price lists to plaintiff's Pennsylvania office, that defendant has made numerous telephone calls to plaintiff in the course of dealings between the parties, or that Cliff Emory, an employee of defendant, made two trips to plaintiff's office in Leetsdale, Pennsylvania to discuss business matters. (Feingold Affidavit dated October 5, 1984 ¶ 4, Gould Affidavit dated November 16, 1984 ¶ 2, 5–10, Feingold Affidavit dated December 17, 1984 ¶ 4). Although an independent trucking firm transported the steel, defendant knew that it was bound for Leetsdale, Pennsylvania. (Gould Affidavit ¶ 12 and Exhibit C). Defendant's solicitation of sales resulted in a series of steel purchases by plaintiff. The present cause of action arises from one of those purchases and thus is undeniably related to defendant's activities in Pennsylvania.

Consequently, plaintiff need show only that defendant had "minimum contacts" with Pennsylvania, not that its contacts were "continuous and substantial." Pennsylvania courts have formulated a three-prong test for determining whether "minimum contacts" are present:

The defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws.... The cause of action must arise from defendant's activities within the forum state.... Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

*Proctor & Schwartz, supra,* 228 Pa.Super. at 19, 323 A.2d at 15. We will address each factor in turn.

Defendant contends that it has not "purposefully availed" itself of the privilege of conducting activities within Pennsylvania. In this regard, defendant notes that it is not licensed to do business in Pennsylvania, that it owns no property here, and that it has no Pennsylvania office, telephone listing, bank account, or agent for service of process. (Feingold Affidavit ¶ 4). Defendant does admit soliciting business in Pennsylvania, but contends that the solicitation amounted to only ¹⁄₁₀ of 1 percent of its total business.

We hold that defendant's solicitation of and actual sales to plaintiff are sufficient to satisfy the first prong of the *Proctor* test. Defendant initiated the business relationship when Ed Skalka, defendant's employee, telephoned plaintiff seeking business. (Could Affidavit ¶ 2). The mailings, telephone calls and visits are further evidence of defendant's voluntary entry into the Pennsylvania business market. Moreover, defendant could "foresee economic impact" within Pennsylvania as a result of its transactions with plaintiff. *See Time Share, supra,* 735 F.2d at 66. The proportion of direct sales to plaintiff when compared with total sales is irrelevant. *Hendrickson v. Reg O Co.,* 657 F.2d 9, 13 (3d Cir.1981). Indeed, a ratio test would make it more difficult to establish jurisdiction over large corporations and raise equal protection problems. *Id.*

According to defendant, the invoice constitutes the entire contract between the parties. It contains a provision stating that the contract was made in New Jersey and governed by New Jersey law. Plain-

tiff vigorously disputes that the invoice is the contract and that New Jersey law is controlling. However, we need not determine these issues at this time. The Court of Appeals has held that while a choice of law provision is "perhaps a factor," it is not enough to vest jurisdiction and does not create any economic impact within the state whose laws have been chosen. *Time Share, supra,* 735 F.2d at 65. Hence, if New Jersey law governs this action, we hold that defendant "purposefully availed" itself of the privilege of conducting activity within Pennsylvania.

As for the second prong, which requires that the cause of action arise from defendant's activities within the state, this issue was decided when we determined that the cause of action was forum related.

 Finally, we find that the exercise of jurisdiction is fair and reasonable under the circumstances. As rehearsed, defendant, not plaintiff, initiated the contacts that ultimately led to this lawsuit. Pennsylvania has an interest in resolving suits brought by its citizens and mere inconvenience to defendant is insufficient to deny plaintiff the forum of its choice. *Proctor & Schwartz, supra,* 228 Pa.Super. at 20–21, 323 A.2d at 16. The parties have entered into at least six transactions since August, 1982, which, in our opinion, constitute a regular course of dealing. In sum, defendant's contacts with Pennsylvania are substantial and defendant "should reasonably anticipate being haled into court" in this forum. *World-Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The motion to dismiss for lack of personal jurisdiction will be denied.

Defendant also has moved for transfer to the District of New Jersey, relying upon 28 U.S.C. § 1404(a). Section 1404(a) empowers a district court to "transfer any civil action to any other district or division where it might have been brought" based on "the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The provision is designed to avoid unnecessary inconvenience and ex-

pense to litigants, witnesses and the public. *Pikofsky v. Jem Oil,* 607 F.Supp. 727, 731 (E.D.Wis.1985).

We hold that defendant has failed to state facts which would justify a transfer. The sole consideration suggested by defendant in support of its motion is its contention that New Jersey law applies. We need not decide that issue at this point, for even assuming that New Jersey law applies, transfer is not warranted. District courts regularly apply the law of states other than the forum state. No other allegations which might support transfer are proferred by defendant. Therefore, the motion for transfer pursuant to § 1404(a) is denied.

A written order will follow denying the motion of defendant.

### ORDER OF COURT

AND NOW, this 10th day of July, 1985,

IT IS ORDERED that the motion of defendant to dismiss for lack of personal jurisdiction be and hereby is denied.

IT IS FURTHER ORDERED that the motion of defendant to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) be and hereby is denied.

IT IS FURTHER ORDERED that defendant shall file an answer within 20 days.