TINGLEY SYSTEMS, INC., Plaintiff,

v.

BAY STATE HMO MANAGEMENT, INC., Defendant.

No. 93–993–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 28, 1993.

George D. Conwell, Jr., Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for plaintiff.

Steven L. Brannock, Stacy Delayne Blank, Holland & Knight, Tampa, FL, Marc K. Temin, Foley, Hoag & Eliot, Boston, MA, for defendant.

KOVACHEVICH, District Judge.

## I. BACKGROUND

Plaintiff, Tingley Systems, Inc. ("TSI") is a Florida corporation which creates, supports and distributes computer software for the health care management organization industry. TSI's software is copyrighted and registered with the United States copyright office. Defendant, Bay State HMO Management, Inc. ("Bay State"), is a Massachusetts corporation that operates a health maintenance organization. On March 14, 1989, TSI entered into a Software License Agreement with Bay State where TSI agreed to license certain software it owned to Bay State. The Software License Agreement permitted Bay State to make modifications to the TSI software programs but provided that such modifications were owned by TSI.

The dispute between the parties arose when Bay State developed what it calls the Point of Sale ("POS") and Decision Support System ("DSS") programs. TSI alleges that these programs are modifications of its TSI software which it licensed to Defendants, and therefore under the Software License Agreement such modifications are owned by TSI. Bay State alleges that the POS and DSS software was developed independently of the TSI software, performs different functions than the TSI software, and therefore Bay State owns the POS and DSS programs outright.

The parties attempted to negotiate Bay State's purchase of the POS and DSS programs from TSI or Bay State's obtaining a license for use of the programs from TSI. Bay State alleges that the parties were unable to resolve their dispute over the ownership of POS and DSS despite these extended negotiations; thus, Bay State filed a Complaint for Declaratory Relief in the United States District Court for the District of Massachusetts on June 11, 1993 (Case No. 93–11283H). In this action, Bay State asked the court to declare that the POS and DSS programs are owned by Bay State and TSI has no ownership interest whatsoever in these programs.

TSI subsequently filed a two count complaint with this Court on June 17, 1993. This complaint alleged that TSI owned POS and DSS; that Bay State breached the Software License Agreement by, among other things, using confidential and proprietary information of TSI software in an unauthorized manner in order to develop prohibited derivative programs; and that Bay State misappropriated trade secrets relating to the TSI software to use for unauthorized purposes.

Bay State now moves this Court to transfer this case to the United States District Court for the District of Massachusetts for consolidation with the prior pending declaratory action pursuant to the provisions of 28 U.S.C. § 1404(a). Bay State alternatively requests that this Court dismiss or stay this action pending the resolution of the related Massachusetts litigation. Bay State filed this alternative motion to dismiss, transfer or stay on June 29, 1993. TSI subsequently filed a motion to transfer the pending Massachusetts declaratory action to the United States District Court for the Middle District of Florida, which was denied by the District Court of Massachusetts on July 19, 1993.

## II. DISCUSSION

A. *Motion to Strike Portions of Affidavit of James Carmona, Jr.*

Before this court addresses the motion to transfer, it is appropriate that it first

address the Plaintiff's motion to strike portions of the affidavit of James Carmona, Jr. submitted in support of Defendant's motion to transfer. Mr. Carmona is the Vice President of Management Information Systems for Bay State. In the Carmona affidavit, Mr. Carmona makes several statements on "information and belief" which the affidavit admits are not based on his personal knowledge but are statements he believes to be true. *See* Affidavit of James Carmona, Jr. Paragraphs 10, 13b, 13c, 15. The question before the Court is whether Mr. Carmona's statements based on information and belief are permitted in such an affidavit and whether such statements will prejudice the Plaintiff in that such statements go directly to the issue of whether a transfer is warranted. Plaintiff argues that such statements are prejudicial and such statements not based on personal knowledge should be disregarded by the court. Plaintiff cites as support for its motion, cases such as *Stone and Michaud Ins., Inc. v. Bank Five For Savings,* 785 F.Supp. 1065, 1071 (D.N.H.1992), which hold that affidavits in support or opposition of summary judgements under Federal Rule of Civil Procedure 56(e) must be based on personal knowledge. Nevertheless, Plaintiff contends that this personal knowledge standard should apply to all affidavits filed in court. Bay State counter argues that no such personal knowledge standard is required for affidavits in support of a motion to transfer under 28 U.S.C. § 1404(a).

Courts are reluctant to grant motions to strike on the grounds of insufficiency, immateriality, irrelevancy and redundancy and such motions are often considered "time wasters". *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla. 1978) (citing *Pessin v. Keeneland Assoc.,* 45 F.R.D. 10, 13 (E.D.Ky.1968)). Further, motions to strike will usually be denied unless the allegation have no possible relation to the controversy and may prejudice one of the parties. *Id.* (citing *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir. 1962)).

The Court agrees with Defendant that § 1404(a) does not expressly require that an affidavit submitted in support of a transfer motion be based on personal knowledge as Federal Rule of Civil Procedure 56(e) does in regard to summary judgment motions. Generally, affidavits are used for the presentation of facts to the court by a person swearing to have personal knowledge of such facts. *See* 2A C.J.S. Affidavits § 43. More importantly, where there is a strict statutory requirement that an affidavit be based upon personal knowledge, as in rule 56(e), then an affidavit based on information and belief is insufficient. *Automatic Radio Mfg. Co., Inc. v. Hazeltine Research, Inc.,* 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312 (1950); *Hahn v. Frederick,* 66 So.2d 823, 825 (Fla.1954). However, where an affidavit is not required by statute or some other rule of court to be based on personal knowledge, it is reasonable that such an affidavit need not necessarily contain personal knowledge in order to be sufficient. *United States v. Zagari,* 419 F.Supp. 494, 504 n. 29 (N.D.Cal.1976); *State Mutual Life Assurance Co. of America v. Peat, Marwick, Mitchell & Co.,* 49 F.R.D. 202, 213 (S.D.N.Y.1969) ("[I]t has been held that affidavits on information and belief need not be disregarded."). "[A]n affidavit, in its ordinary sense and usage, may be upon information and belief. In such case, the affiant does not guarantee the accuracy of the data, but he does assume the responsibility of being satisfied upon the best of his information and belief that the data is accurate." *Johnston Broadcasting Co. v. Federal Communications Comm'n,* 175 F.2d 351, 354 (D.C.Cir. 1949).

In the instant case, the statements in the Carmona affidavit which are based on information and belief are relevant to the instant action. These statements contain information concerning Bay State's business that Mr. Carmona, as an executive, would naturally be expected to receive from other employees within his company. Given that Mr. Carmona has made such statements in his affidavit, the Court will assume that he is satisfied upon the best of his information and belief that such statements are accurate. Further, the court finds that these statements, which clearly aver that they are based on information and belief, will *not* prejudice the Plaintiff. The weight given such statements by the Court will be in accordance with the fact

that they are based on information and belief rather than personal knowledge.

Plaintiff's motion to strike is accordingly **DENIED.**

### B. *Motion to Transfer*

While jurisdiction does exist in this forum, 28 U.S.C. § 1404(a) permits the transfer of a case for the convenience of the parties, convenience of the witnesses, and in the interests of justice. In deciding whether the requested transfer will be in the interest of justice and for the convenience of the parties and witnesses, the Court must "strike a balance on convenience between those elements which weigh in favor of transferring ... and those which favor allowing the plaintiff's choice of forum to stand undisturbed." *Cortez v. First City Nat'l Bank*, 735 F.Supp. 1021, 1023 (M.D.Fla.1990) (quoting *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 269 (E.D.Pa.1975)). While the Court recognizes that consideration of any number of factors may be relevant to the question of transfer, ultimately the resolution of the question is for the Court's discretion. *Poncy v. Johnson & Johnson*, 414 F.Supp. 551, 553 (S.D.Fla.1976).

To meet the requirements of 28 U.S.C. § 1404(a) the movant, Bay State, is required to prove that the proposed transferee district, Massachusetts, is a district in which the TSI claim could have been brought originally, and that the balance of interests weighs strongly in favor of the proposed transfer district. *Wm. A. Smith Contracting Co., Inc. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (10th Cir.1972).

The first requirement is met by Bay State in that the TSI claim could have been brought in the transferee district of Massachusetts. Since the TSI claim is founded on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, the claim is properly brought in any judicial district where all the Plaintiffs or all the Defendants reside, or where the claim arose. Bay State is a Defendant and resides in Massachusetts.

In regard to the second requirement, that the balance of interests must weigh strongly in favor of the proposed transferee district, Defendant asserts the following factors as being determinative of its motion to transfer this case to the United States District Court for the District of Massachusetts:

1. The POS and DSS software and relevant documentation are located in Massachusetts and the majority of its development occurred in Massachusetts.

2. The alleged breach of the Software License Agreement occurred in Massachusetts during the development of the POS and DSS programs.

3. Approximately 40 Bay State employees were involved in the development of the POS and DSS software and are possible witnesses.

4. Four of the independent contractors that worked on the POS and DSS software are located in Massachusetts, a fifth is located in Connecticut, and one is located in Utah. The majority of work was performed by Massachusetts contractors who are within the jurisdiction of the Massachusetts federal court but not this Court.

5. It would be very time consuming and expensive to require these person to travel to Tampa to testify as witnesses.

6. It would be very disruptive to Bay State's business to have Bay State's employees who were involved in the development of POS and DSS to be absent due to travel to Tampa.

7. The "first to file" rule would mandate that the Bay State declaratory action would have priority over the Plaintiff's contract claim in this Court since it filed first and the two case involve the same central facts and issues as to the ownership of POS and DSS software.

8. By allowing this action to proceed in Florida while a related action proceeded in Massachusetts, duplicative lawsuits would exist which would be a waste of time, energy, and money for both parties and the court system.

9. This Court lacks personal jurisdiction over Bay State under Florida's Long Arm Statute, Fla.Stat. § 48.193 (1991), because Bay State does not have sufficient contacts with Florida.

10. Massachusetts law will apply in this case since, among other things, the alleged breach of contract occurred in Massachusetts and the Software License Agreement was signed in Massachusetts.

In response, Plaintiff asserts the following factors in opposition to the motion to transfer and in support of maintaining its choice of forum:

1. Transferring this case to Massachusetts would not increase the convenience of both parties but merely shift the inconvenience of litigating in a distant forum from Bay State to TSI.

2. The most important witnesses on the issue of ownership of POS and DSS are TSI's employees and former employees, who are the developers, authors, and marketer of the TSI Software. TSI anticipates calling 10 of its current employees and 9 former employees who all reside in Florida.

3. The Massachusetts court would not have any subpoena power over the former TSI employees who were instrumental in developing the TSI software and are important to TSI's case.

4. TSI's business would be crippled if 10 of its 13 employees are required to travel to Massachusetts in order to testify as witnesses. On the other hand, Bay State has over 400 employees and the possibility of 40 of its employees traveling to Florida would impose less inconvenience and financial hardship on Bay State, especially given that Bay State is also a wholly owned subsidiary of Blue Cross–Blue Shield of Massachusetts ("BCBSMA"). BCBSMA employs over 5,000 employees and had revenue in 1991 of over $3 billion.

5. Given that TSI cannot match resources with Bay State and its parent BCBSMA, Bay State is in a much stronger position to litigate and transport witnesses and evidence to a distant forum.

6. Bay State has sufficient contacts with Florida to subject it to personal jurisdiction in Florida under Fla.Stat. § 48.193 (1991). Bay State has had a business relationship with TSI since 1984. Bay State has negotiated and executed over 21 contracts with TSI, sent its employees for training in Florida, and paid for computer software and services to TSI in Florida, among other things.

7. Florida law should govern this case, especially since TSI has a claim based on Fla.Stat. § 688.002 (1991) for misappropriation of trade secrets. Further, the fact that foreign law may govern does not warrant a transfer.

8. The "first to file" rule should not apply because Bay State used bad faith by way of sham negotiations with TSI and filed an anticipatory declaratory suit to secure its choice of forum in Massachusetts.

Both parties will undoubtedly be inconvenienced if they were required to travel to a forum other than where they reside. For example, both parties will be burdened to relatively the same degree with respect to transporting relevant physical and documentary evidence, and producing witnesses which are not employees and over which the court may not have subpoena power.[1] Bay State has not necessarily demonstrated that it or its potential witnesses would be significantly more inconvenienced than TSI should it be required to travel to a distant forum. However, Bay State has demonstrated that all parties and witnesses would be greatly burdened if all were required to travel between two forums because the two related cases in which they all were involved were being tried in different states. Avoiding the parties' and witnesses' inconvenience and expense in this respect, as well as preserving judicial economy and resources, mandates that in the interest of justice this action should be transferred to the District of Massachusetts.

---

1. Both parties argue that the law of the state where each resides would govern this action. Although this is one of many factors to be considered, the Court does not reach this issue of which state's law will apply to the controversy at this time. The Court believes this is better left to the court which will ultimately hear the merits of this case. See O'Neill v. Stanwood Corp., 577 F.Supp. 1001 (S.D.N.Y.1984) (choice of law is relevant not dispositive in motion to transfer); Turrett Steel Corp. v. Manuel Int'l, Inc., 612 F.Supp. 387 (W.D.Pa.1985) (mere fact that foreign law is applicable is insufficient to support motion to transfer since district courts routinely apply the law of other states).

Further, this action should be consolidated with the pending action involving the parties in the District of Massachusetts.

Although Plaintiff's argument as to financial hardship is a factor in considering the convenience of the parties, it is significantly diminished by the fact that TSI is already engaged in litigation in Massachusetts. The court cannot ignore the fact that the Massachusetts court has denied Plaintiff's motion to transfer the pending Bay State's declaratory action to Florida. In all likelihood, Plaintiff will be required to continue to defend against this declaratory action in Massachusetts. Though, this Court is persuaded that Plaintiff's business would be impacted if 10 of its 13 employees were required to testify in a distant forum, the court is not convinced that the Plaintiff's business would necessarily be severely crippled by the absence of employees from time to time for travel to Massachusetts. TSI might be a small business in comparison to Bay State, but it still is a multimillion dollar company which is sophisticated enough to deal with running its business in the absence of some of its employee from time to time. All 10 TSI employees expected to be witnesses will not necessarily need to be present at all times throughout an entire trial.

The Court is concerned that if it did not transfer this action and consolidate it with the pending Massachusetts action, TSI would then be faced with a greater economic hardship of having to litigate in two forums instead of one. Given that the Massachusetts District Court denied TSI's motion to transfer the Massachusetts action to Florida, it is highly possible that TSI will already have to litigate and produce its witnesses/employees in Massachusetts notwithstanding this Courts disposition of the instant action. Thus, if the Court were to grant the pending motion to transfer this would leave TSI in the position of having to conceivably litigate in both Florida and Massachusetts. The possibility of having to litigate in both Florida and Massachusetts imposes added and unnecessary burdens on Bay State as well.

In addition to weighing considerations regarding the convenience of the parties and witnesses, the court must weigh the consider-

ations of cost, judicial economy, expeditious discovery and trial process. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Unless the balance strongly favors the defendant, Plaintiff's choice of forum will rarely be disturbed. *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 341 (8th Cir.1983). It is these factors of judicial economy, cost, and expeditious litigation which tip the balance of interests in Defendant's favor.

Given that the pending declaratory action in Massachusetts involves the same central issue as the instant case, it would be more expeditious to try all claims involving the same parties and issues in the same forum. This would conserve judicial resources, promote judicial economy and avoid the problems related with duplicative actions being filed in different districts.

■ Defendant, Bay State, asserts that the forum where an action is filed first should be given priority over subsequent actions arising out of the same facts giving rise to the first action. Thus Bay State contends that because it filed its Massachusetts declaratory action first, the instant action should be transferred to Massachusetts and consolidated with the pending Massachusetts action, since the two cases involve the same central issues concerning ownership of the POS and DSS programs.

This Court recognizes that it is well accepted that the forum where an action is first filed is given priority over subsequent actions, unless there is a showing of balance of convenience in favor of the second forum or there are special circumstances which justify giving the priority to the second action. These principles are consistent with the doctrine of federal comity which requires the federal district courts to refrain from interfering with each others' affairs in order to avoid duplication of judicial resources and conflicting decisions. *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, South Atlantic & Gulf Coast Dist. of the*

*ILA; AFL–CIO,* 751 F.2d 721, 728 (5th Cir. 1985).

TSI argues that such special circumstances exist, making the "first to file" rule inapplicable in this case. TSI asserts that the "first to file" rule should not apply in this case given that Bay State acted in bad faith. TSI alleges that Bay State discouraged TSI from filing first by engaging it in sham negotiations during which Bay State then turned around and filed in Massachusetts. TSI maintains that this was merely a procedural maneuver to deprive Plaintiff of its choice of forum. Furthermore, TSI asserts that the "first to file" rule is inapplicable here because Bay State filed its suit in anticipation of TSI filing suit to enforce the software agreement and this constitutes nothing more than forum shopping.

Although the court realizes that the "first to file" rule should not rigidly be applied, *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 627 (9th Cir.1991), this Court finds that the special circumstances Plaintiff alleges have not been sufficiently proven in order to prevent the court from following the "first to file" rule. This Court is not persuaded that Defendant's declaratory action was necessarily brought in bad faith. Further, the court is not satisfied that forum shopping necessarily motivated Bay State to bring its declaratory action.

It is in the interest of justice to permit suits involving the same parties and issues to proceed before one court and not proceed simultaneously in two forums. *Pall Corp. v. Bentley Lab., Inc.,* 523 F.Supp. 450, 453 (D.Del.1981). By transferring this action the parties would both benefit in that:

> [T]he two actions could be consolidated before one judge thereby promoting judicial efficiency, pretrial discovery could be conducted in a more orderly manner, witnesses could be saved the time and expense of appearing at trial in more than one court, duplicative litigation involving the filing of records in both courts could be avoided eliminating unnecessary expense and the possibility of inconsistent results could be avoided.

*Id.; Cordis Corp. v. Siemens–Pacesetter, Inc.,* 682 F.Supp. 1200, 1202 (S.D.Fla.1987). The Court, having given due consideration to all the factors presented by the parties concludes that the motion to transfer this cause of action pursuant to 28 U.S.C. § 1404(a) is hereby **GRANTED.** Defendant's alternative motions to dismiss or stay are hereby **DENIED.** This cause of action is hereby transferred to the United States District Court for the District of Massachusetts for consolidation with the pending declaratory action in that jurisdiction.

### C. Motion to Defer to Ruling of Massachusetts Court and Motion To Stay Discovery

Defendant's motions to defer to the ruling of the Massachusetts District court on the pending motion to dismiss, transfer, or stay is hereby rendered **MOOT** by this Court granting Defendant's motion to transfer. Likewise, Defendant's motion to stay discovery pending resolution of the motion to transfer is hereby rendered **MOOT.**

**IT IS SO ORDERED.**

**DONE and ORDERED.**

### *ORDER ON MOTIONS*

This matter is before the Court upon the following pleadings:

1. Defendant's alternative motion to dismiss, transfer, or stay, filed June 29, 1993.

2. Plaintiff's memorandum in opposition to Defendant's motion to transfer, filed July 14, 1993.

3. Plaintiff's motion to strike portions of the affidavit of James Carmona, Jr., filed July 14, 1993.

4. Defendant's memorandum in opposition to Plaintiff's motion to strike portions of the affidavit of James Carmona, Jr., filed July 28, 1993.

5. Defendant's motion to defer to the ruling of the Massachusetts District Court on Defendant's pending motion to dismiss, transfer or stay, filed July 28, 1993.

6. Plaintiff's memorandum in opposition to Defendant's motion to defer, filed August 5, 1993.

7. Defendant's motion to stay discovery pending resolution of motion to transfer, filed July 28, 1993.

8. Plaintiff's memorandum in opposition to Defendant's motion for stay of discovery, filed August 2, 1993.