Amanda DEL ZOTTO, d/b/a Amanda Del Zotto, and Amanda Del Zotto, Individually, Plaintiffs,

v.

UNIVERSAL PHYSICIAN SERVICES, LLC, Mary Ludvik, and Joseph E. Del Zotto, Defendants.

CIVIL ACTION NO. 3:16-cv-01003-MGL

United States District Court, D. South Carolina, Columbia Division.

Signed 10/07/2016

Brent Michael Takach, Lewie K. Harrell, III, Harrell and Martin, Chapin, SC, for Plaintiffs.

Sarah Theresa Eibling, Nelson Mullins Riley and Scarborough, Columbia, SC, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

MARY GEIGER LEWIS, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

In this action, Plaintiffs Amanda Del Zotto, d/b/a Amanda Del Zotto, and Amanda Del Zotto, individually (Plaintiff), bring claims against Defendant Universal Physician Services, LLC (Defendant UPS), Defendant Mary Ludvik (Defendant Ludvik), and Defendant Joseph E. Del Zotto (Defendant Del Zotto) (collectively, Defendants), for intentional infliction of emotional distress, intentional interference with prospective clients, conversion, and minority shareholder oppression. The Court has jurisdiction over the matter based on 28 U.S.C. § 1332.

Pending before the Court are: (1) Defendant Del Zotto's Motion to Dismiss Counts I–IV of Plaintiff's Complaint or, in the alternative, a Motion to Transfer Venue; (2) Defendant Ludvik's Motion to Dismiss Counts I–IV of Plaintiff's Complaint or, in the alternative, a Motion to Transfer Venue; and (3) Defendant UPS's Motion to Dismiss Counts I and II of Plaintiff's Complaint or, in the alternative, a Motion to Transfer Venue. Having carefully considered the motions, the responses, the replies, the record, and the relevant law, it is the judgment of this Court that it will grant Defendants' motions to transfer, which effectively transfers the motions to dismiss.

### II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff's family runs and operates Defendant UPS, a domestic physician contract placement service. Defendant Ludvik, Plaintiff's mother, and Defendant Del Zotto, Plaintiff's father, terminated Plain-

tiff from her employment with Defendant UPS on December 19, 2014, but hired her back the next day. On February 12, 2015, however, Plaintiff's parents fired her again. According to the Complaint, the reason given for Plaintiff's parents firing her the second time was for her supposedly competing against Defendant UPS.

In the months that followed, Plaintiff states Defendant Ludvik and Defendant Del Zotto contacted, and/or directed it be done, the Marietta, Ohio, Police Department and the Columbia, South Carolina, Police Department on several occasions to report various alleged illegal acts by Plaintiff and/or her boyfriend. After Defendant Ludvik and Defendant Del Zotto purportedly threatened to charge Plaintiff with Grand Theft Auto, Plaintiff returned what she maintains was her automobile.

Plaintiff also complains Defendant Ludvik cancelled her mobile phone service without any warning; Defendant Ludvik and Defendant Del Zotto have refused to return her personal property as requested; Defendants sent letters to Plaintiff's prospective clients to keep her from obtaining income or stability; her mother, Defendant Ludvik, texted abusive messages to her; Defendants interfered with her business relationship with the Greenville Healthcare System and St. Francis Bonsecour, both located in Greenville, South Carolina; and Defendant Ludvik and Defendant Del Zotto sold silver bars and coins, which belonged to Plaintiff, and kept the proceeds. All of this behavior, Plaintiff contends, has resulted in a parade of horribles for her.

Consequently, Plaintiff filed suit against Defendants with this Court. In lieu of filing an answer, Defendants individually filed motions to dismiss or, in the alternative, motions to transfer. Plaintiff filed her responses to the motions, to which Defendants filed their replies. Having been fully briefed on the relevant issues, the Court will discuss the parties' arguments below.

The Court will first determine whether this case should be transferred to the Middle District of Florida, Tampa Division (the Florida district court). If the Court concludes transfer is proper, it will leave the decision to its sister court, the Florida district court, as to whether Defendants' motions to dismiss should be granted.

## III. STANDARD OF REVIEW

The United States Code provides, in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The one seeking a transfer under § 1404(a) bears the burden of demonstrating the district court ought to grant the requested relief. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

"Under the provisions of ... § 1404(a) ..., the district court has broad discretion to grant or deny a motion to transfer to another district. Therefore, a district court's decision on a motion to transfer will be reversed by the Fourth Circuit only for a clear abuse of discretion. *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993). "An abuse of discretion occurs only when a trial court has acted arbitrarily or irrationally in admitting evidence, when a court has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises[.]" *United States v. Hedge-*

*peth*, 418 F.3d 411, 419 (4th Cir. 2005) (citations omitted) (internal quotation marks omitted).

As a prefatory matter, before considering anything else, the Court must determine whether the case could have been brought in the Florida district court at the outset. *See* § 1404(a) ("A district court may transfer any civil action to any other district or division where it might have been brought or to any district[.] )." If not, then it necessarily follows that the Court is unable to transfer the case to that court now.

■ When considering the "convenience of parties and witnesses" and "the interest of justice" portions of the statute, "[w]isely[,] it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards[,] the decision is left to the sound discretion of the court." 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847 (4th ed. 2016) (footnote omitted). As one court has opined, deciding "such a matter [is] so peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation." *Lykes Bros. Steamship Co. v. Sugarman*, 272 F.2d 679, 680 (2d Cir. 1959).

■ Notwithstanding the fact there is no such as thing as a specific, one-size-fits-all standard for the Court to employ when adjudicating § 1404(a) motions, the Court is not bereft of some guidance. For instance, the Court will weigh and balance both Public and Private factors in its determination as to whether it should transfer a case under this statute. FEDERAL PRACTICE AND PROCEDURE § 3847. Public factors, which concern the statutory consideration of the interest of justice, include judicial economy, the district court's familiarity with the governing law, the local interest in deciding local controversies at home, and whether the docket in one court is more congested than the other. *Id.* "Private factors include the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the relative ease of access to sources of proof." *Id.* The Court notes, however, this list is by no means an exclusive one.

The Court is well aware " '[w]eighing' and 'balancing' are words embodying metaphors which, if one is not careful, tend to induce a fatuous belief that some sort of scales or weighing machinery is available. Of course it is not." *Ford Motor Co. v. Ryan*, 182 F.2d 329, 331 (2d Cir. 1950). If that were so, a computer, not a person, could more easily make the decision the Court is faced with here.

The Court respectfully rejects the Second Circuit's notion that, "[a]t best, the judge must guess, and [the court of appeals] should accept his guess unless it is too wild." *Id.* Instead, the Court is of the firm opinion its determination on the question as to whether to grant a § 1404(a) motion falls squarely within the ambit of the art of judging. And that, the Court thinks, amounts to much more than simply guessing, but not too wildly, what the proper result should be.

The Court is well aware some in the academy complain that "Congress should amend the transfer statute so that a court typically would not review the myriad of factors currently considered in transfer litigation. Except in special circumstances, a court would decide a transfer motion solely based on the location of the relevant witnesses and documents." David E. Steinberg, *Simplifying the Choice of Forum: A Response to Professor Clermont and Professor Eisenberg*, 75 WASH. U. L.Q. 1479, 1499 (1997). The Court must take the law as it is, however, and not how some might wish it to be.

## IV. CONTENTIONS OF THE PARTIES

According to Defendants, Defendant Ludvik and Defendant Del Zotto's first home is in St. Petersburg, Florida, and Defendant UPS has its principal place of business in St. Petersburg, which the Florida district court covers. They also note Plaintiff is a resident of South Carolina and the amount in controversy is more than $75,000. This, they say, satisfies the subject matter jurisdiction.

Defendants also contend that defending this case in this Court would be burdensome and difficult because they, as well as many of the necessary witnesses, live in or close to Pinellas County, Florida, over which the Florida district court has jurisdiction. They also argue many of the documents relevant to the trying of this case are housed at Defendant UPS in Florida. Thus, according to Defendants, the Florida district court is a more convenient forum for them.

Defendants also point to Plaintiff's signature on a consent to removal in another action, between her as the defendant and Defendant UPS as the plaintiff, in which she agreed to have that other case heard in the Florida district court. Defendants propose Plaintiff's consent to remove that other case to the Florida district court amounts to a waiver of the improper venue arguments she makes here.

Plaintiff counters the Florida district court is an improper transferee venue because Defendant Ludvik and Defendant Del Zotto's domicile is Ohio, as are all of Defendant UPS's employees. Plaintiff also avers requiring her physician witnesses to travel to Florida from South Carolina would be an unreasonable inconvenience to the physician as well as the community that depends on these physicians' services. Plaintiff maintains many of her other witnesses will also be inconvenienced because they, too, are also located in South Carolina. According to Plaintiff, the extra costs involved in having this action heard in the Florida district court will unnecessarily burden Plaintiff.

## V. DISCUSSION AND ANALYSIS

### A. This case could have been brought in the Florida district court.

■ As already noted, initially, the Court must decide whether this action could have been properly brought in the Florida district court had Plaintiff filed it there. Defendants profess Defendant Ludvik and Defendant Del Zotto's first home is located in St. Petersburg, Florida, and Defendant UPS has its principal place of business there. The Florida district court covers that area. They advance that, because Plaintiff is a resident of South Carolina, the three of them primarily reside in Florida, and the amount in controversy exceeds $75,000, the Florida district court would have subject matter jurisdiction over the case under § 1332. They also urge that the Florida district court would have personal jurisdiction over them because they are all permanent residents of Florida.

■ Plaintiff disagrees with Defendants on this issue and charges that the Florida district court is an improper transferee venue because Defendant Ludvik and Defendant Del Zotto's domicile is Ohio, as are all of Defendant UPS's employees. This is the only argument she makes as to why she would have been unable to bring this action in the Florida district court at the lawsuit's inception had she wanted to do so. Defendants and Plaintiff have submitted affidavits on this issue. The problem for Plaintiff, however, is Defendants' affidavits are based on personal knowledge whereas hers is not. As a general rule, affidavits must be based on personal knowledge. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (stating evidence submitted in opposition to summary

judgment motion must be admissible and based on personal knowledge).

■ A hand full of courts, however, have held an affidavit based on the affiant's information and belief carries some weight. For instance, in *State Mutual Life Assurance Co. of America v. Peat, Marwick, Mitchell & Co.*, 49 F.R.D. 202, 213 (S.D.N.Y. 1969), the district court noted that "affidavits on information and belief need not be disregarded.." The D.C. Circuit has also held "an affidavit, in its ordinary sense and usage, may be upon information and belief. In such case, the affiant does not guarantee the accuracy of the data, but he does assume the responsibility of being satisfied upon the best of his information and belief that the data is accurate." *Johnston Broad. Co. v. Fed. Commc'n*, 175 F.2d 351, 354 (D.C. Cir. 1949). The Court thinks the path the Florida district court took in *Tingley Systems Inc. v. Bay State HMO Management., Inc.*, 833 F.Supp. 882 (M.D. Fl. 1993), to be a good one to follow. There, the court stated "[t]he weight given such statements by the Court will be in accordance with the fact that they are based on information and belief rather than personal knowledge." *Id.* at 884–85.

The Court gives more weight to Defendants' affidavits as to their primary residence, which are based on personal knowledge, than it does to Plaintiff's affidavit, which is not. Consequently, because this is the only issue in dispute as to whether this suit "might have been brought or to any district or division[,]" § 1404(a), the Court holds Plaintiff could have done so.

## B. The Court's consideration of the public, private, and case-specific factors:

### 1. The "judicial economy" factor is inconsequential.

■ The parties failed to make any argument on this issue. Therefore, this factor makes no difference in the Court's determination on Defendants' motions to transfer.

### 2. The "familiarity with the governing law" factor is inconsequential.

The parties make no argument on this issue either. Nevertheless, having taken a survey of the law in both South Carolina and Florida as to each of the causes of action in Plaintiff's Complaint, the Court is of the opinion the law on these claims is very similar. As such, this factor neither aids nor abates Defendants' arguments as to whether a § 1404(a) transfer is proper.

### 3. The "deciding local controversies at home" factor favors Plaintiff.

All of the alleged harm done occurred in the District of South Carolina. Hence, this factor favors Plaintiff.

### 4. The "court congestion" factor is inconsequential.

Again, the parties make no argument as to this factor. And, although this information is readily available, the Court declines to go outside of the record the parties have provided to the Court to make a determination on this issue on its own. Therefore, this factor is of no moment in the Court's deciding whether to grant Defendants' motions to transfer.

### 5. The "convenience of the parties and witnesses" factor favors Defendants.

As detailed below, Plaintiff's argument she will be inconvenienced to have the trial in the Florida district court is severely weakened by her agreeing to have another case, in which she is the defendant and the plaintiff is Defendant UPS, transferred to the Florida district court.

So, all that is left is the convenience of the witnesses. The Court is unable to say one set of witnesses is going to be any more inconvenienced than the other. Thus,

it concludes, based on Plaintiff's consent to removal in the other case, this factor favors Defendants.

### 6. The "plaintiff's forum preference" favors Plaintiff.

Inasmuch as Plaintiff filed her suit in this District, and failed to contest Defendants' removal to this Court, this factor favors Plaintiff.

### 7. The "where the claims arose" factor favors Plaintiff.

This factor buttresses Plaintiff's argument this case should remain in this Court in that Plaintiff's claims arose in this District.

### 8. The "sources of proof" factor favors Defendants.

Only Defendants make an argument as to this factor in their contention the documentation they need for the trial of this case is located in Florida. Thus, this factor fortifies Defendants' argument to transfer the case to the Florida district court.

### 9. Plaintiff's consent to Defendant Del Zotto's notice of removal in the other case favors Defendants.

The Court now turns to the question as to whether Plaintiff's consenting to Defendant UPS's notice of removal of a case, in which the plaintiff is Defendant UPS and the defendant is Plaintiff, should have any bearing on these motions. That case was removed from Florida state court to the Florida district court. The Court has examined the Plaintiff's consent to Defendant UPS's notice of removal and notes there is nothing to indicate the date Plaintiff signed the document. The Court does observe, however, Defendant UPS filed the document with the Florida court before Plaintiff filed her responses to Defendants' motions to dismiss or, in the alternative, to transfer.

Although Plaintiff's signing the consent to removal in the other case is helpful to Defendants, it is not as much assistance as they suppose it to be. They suggest Plaintiff's agreeing to the notice of removal of a Florida state case to the Florida district court eviscerates her argument that the transfer of this case is improper. Although this contention is not without some merit, the document is unable to hold up under the all of the weight Defendants would like to hoist upon it. What the document does do, however, is to snatch the rug out from under Plaintiff's arguments regarding both the domicile of Defendant UPS and her inconvenience in having the trial of this case in the Florida district court.

Notwithstanding Defendants' failure to make an estoppel argument, the basic concepts of fairness and candor with the Court counsel that Plaintiff is unable to take a position in one case involving what is in essence the same parties, but take an opposite position in another case with those same actors. Consequently, the Court is of the opinion that the document demonstrates that (1) Defendant UPS is domiciled where the Florida district court sits and (2) Plaintiff's argument regarding her being inconvenienced by the transfer of this case to the Florida district court is unconvincing.

### 10. These five additional case-specific factors favor Defendants:

First, as far as the parties are concerned, the three Defendants will be inconvenienced if this Court keeps the case. But if the Court transfers the case, assuming Plaintiff's inconvenience is considered, only one party will be inconvenienced.

Second, Plaintiff has lived in and is familiar with the area where this case will be heard if the Court grants Defendants' motions to transfer. But the exact opposite is true for Defendants if the Court denies their motions to transfer.

Third, assuming Plaintiff prevails in this case, it will be less cumbersome for her to

affect judgment in Florida, if that becomes necessary, where Defendants are located.

Fourth, the Florida district court can more easily enforce the restraining order, which Plaintiff seeks in her Complaint, than can this Court.

And fifth and finally, there is already another suit between Defendant UPS and Plaintiff in the Florida district court, which appears to be related to this one.

## VI. CONCLUSION

Assuming the Court declined to consider Plaintiff's consent to remove the other case to the Florida district court, having examined the public and private factors discussed above, coupled with its own experience, both as a practitioner and a judge of the law, the Court could have concluded transfer is warranted. Taking into account Plaintiff's agreement to Defendant UPS's removal in the other case, however, combined with the other five case-specific factors discussed above, has the force of casting away any doubt, had there been any, as to whether the Court should transfer the case. This is not even a close call: Defendants' § 1404(a) motions to transfer are **GRANTED**. Accordingly, this case, which of course includes Defendants' motions to dismiss, is **TRANSFERRED** to the Middle District of Florida, Tampa Division.

**IT IS SO ORDERED.**