Joyce M. ST. HILAIRE, Plaintiff,

v.

Jacob SHAPIRO and Abraham S. Shapiro, Defendants.

Abraham S. SHAPIRO, Third-Party Plaintiff,

v.

Emmet J. ST. HILAIRE, Third-Party Defendant.

No. 75 C 235.

United States District Court, E. D. New York.

Jan. 26, 1976.

Trubin, Sillcocks, Edelman & Knapp, New York City, for plaintiff; Howard M. Goldstein, Marvin V. Ausubel, New York City, of counsel.

Mele & Cullen, Brooklyn, N. Y., for defendants and third-party plaintiff; Salvatore J. Martino, Brooklyn, N. Y., of counsel.

McLaughlin & Lawlor, New York City, for third-party defendant; Arthur Kanter, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The third-party defendant moves for an order, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the summons and complaint, or in the alternative, for an order, pursuant to 28 U.S.C. § 1406, transferring the action to the Northern District of New York.

This action was commenced by the filing of a complaint in this district on February 14, 1975. This suit is to recover damages for personal injuries sustained on October 28, 1972 by the plaintiff, Joyce M. St. Hilaire, a resident of Bloomfield, Connecticut. The plaintiff, a passenger in the vehicle, owned and operated by her husband, Emmet J. St. Hilaire, was involved in an automobile accident with a vehicle owned by the defendant, Jacob Shapiro, of Hollywood, Florida, and operated by the co-defendant and third-party plaintiff, Abraham S. Shapiro, of Swanton, Vermont. Issue was joined by interposing an answer, filed in this court on April 30, 1975. A motion was submitted by the defendant, Abraham S. Shapiro, for leave to serve and file a Third-Party Complaint upon Emmet J. St. Hilaire. This motion was granted on July 17, 1975, and a third-party complaint was filed on August 4, 1975, and the Marshal's return indicates that service was completed on September 11, 1975. An inspection of the court file reveals that no appearance has been interposed by the third-party defendant. In lieu of an answer, the attorneys for the third-party defendant, moved for the present relief, seeking to non-suit the claim of their insured's wife or to transfer the case to the Northern District of New York. The defendant and third-party plaintiff joins in this motion.

■ Initially, the court must rule that the defendants and the third-party plaintiff, Abraham S. Shapiro, have no standing in this motion.

In *Concession Consultants, Inc. v. Mirisch,* 2 Cir., 355 F.2d 369, the court held in part at page 371:

" * * * The standards of 28 U.S.C. § 1391 (1964 ed.) are 'not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants, and, as such may be waived by them.' (cases cited). Indeed, F.R.Civ.P. 12(h) states that an objection to improper venue must be made by motion, or if no motion is made, by the answer or reply. If it is not so raised, any objection to venue is waived."

See also, *Trans World Airlines, Inc. v. C. A. B.* (2 Cir.) (1964), 339 F.2d 56, cert. den., 382 U.S. 842, 86 S.Ct. 40, 15 L.Ed.2d 82.

The defendants, and third-party plaintiff did not interpose in their answer any objection to venue, nor did they have to change venue. They simply joined in the motion by the third-party defendant to transfer the action to the Northern District of New York. This they may not do, and the privilege to object to improper venue being personal was waived by the defendants and third-party plaintiff.

■ The movant, third-party defendant is also precluded from objecting to venue. In Moore's Federal Practice, Vol. 1, Second Edition, it is written in part at page 1331:

"The venue statutes do not, however, deal with * * * third-party claims * * *. And properly so, we believe, for these devices deal with the presentation of claims in an already pending action, and the venue statutes are concerned with the institution of an original action.[3] (Cases cited in footnote)."

■ Furthermore, it is well settled that a plaintiff's choice of forum must be given substantial weight and will not be disturbed unless the balance of convenience and the interest of justice weighs heavily in favor of the defendant. *Lykes Brothers Steamship Co. v. Sugarman,* 2 Cir., 1959, 272 F.2d 679.

■ The important considerations in determining this motion are relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses * * * and all practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

■ The affidavits submitted clearly indicate that a transfer of this case to the Northern District of New York would be inconvenient for all parties. The affidavits also clearly indicate that following the dictates of the *Gulf Oil Corp.* case, supra, the Eastern District is the most convenient forum to try this case.

The movant's arguendo, if he has standing to bring this motion, has failed to satisfy the considerations above set forth for its application.

The motion must, therefore, be and is denied.

It is so ordered.

All parties shall appear in this part as previously directed on February 17, 1976 at 10 A.M. for a pre-trial conference.