Carl W. CORTEZ, Plaintiff,

v.

FIRST CITY NATIONAL BANK OF HOUSTON, et al., Defendants.

No. 90–12–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

April 11, 1990.

---

Carl W. Cortez, Dunedin, Fla., pro se.

Edward Martin Waller, Jr., Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for First City Nat.

David Green Mulock, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for Former MBank Houston Bank One.

Dennis Rex Ferguson, Stagg, Hardy, Ferguson, Murnagham & Mathews, Tampa, Fla., for NBC Bank Spring Branch.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses thereto:

1. Defendant NBC Houston (NBC)'s motion to dismiss and quash service of process, and, alternatively, to transfer and memorandum in support, filed March 13, 1990. (Docket Nos. 17 and 18).

2. Affidavit of Peter Coyne in support of motion, filed March 13, 1990. (Docket No. 21).

3. Affidavit of C.L. Crawley, Jr., in support of motion, filed March 13, 1990. (Docket No. 20).

4. Defendant First City, Texas–Houston, National Association (First City)'s motion to dismiss for lack of personal jurisdiction and for failure to state a claim and memorandum in support, filed March 13, 1990. (Docket Nos. 22 and 23).

5. Plaintiff's opposition to NBC's motion, filed March 28, 1990. (Docket No. 32).

6. Plaintiff's opposition to First City's motion, filed March 28, 1990. (Docket No. 33).

7. Plaintiff's addendum to opposition to NBC's motion, filed March 28, 1990. (Docket No. 34).

8. Plaintiff's addendum to opposition to First City's motion, filed March 28, 1990. (Docket No. 35).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

### NBC MOTION

 The first issue raised by NBC is whether the service of process is sufficient. NBC asserts that it is a banking institution organized and operating pursuant to the laws of the State of Texas, with a principal office in Houston, Texas. (Coyne's affidavit).

The purported service of process which has been filed by Plaintiff shows service directed to: NBC Bank Spring Branch, Mr. C.L. Crawley, Jr., 440 Louisiana St., Suite 2200, Houston, Texas, and states that copies were left with Linde Ramize on January 11, 1990, by Roy (or Raul) Mendoza.

Mr. Crawley is an attorney practicing in the City of Houston, Texas and was the attorney of record for NBC (formerly Peoples Bank) in the case *Speedy Products, Inc. v. Price,* Case No. H–85–5987. The summons in this case was left with Linda Ramirez (denoted Linde Ramize on the service papers), Mr. Crawley's receptionist. Mr. Crawley is not designated nor authorized to accept service for Defendant and has not been retained as counsel for Defendant in this cause of action. (Crawley affidavit).

Service of process in this instance, pursuant to Florida's long-arm statute, is governed by Florida law. Section 48.081, Florida Statutes, provides that service on a corporation, domestic or foreign, may be served on various persons, including president, vice-president, cashier, treasurer, secretary, general manager, director, officer, business agent residing in state, agent transacting business in this state, designated agent, or employee at the corporation's place of business.

The statutory method of service is exclusive and must be strictly followed. *Dade Erection Service, Inc. v. Sims Crane Service, Inc.,* 379 So.2d 423, 425 (Fla. 2d D.C. A.1980). It is plaintiff's burden to establish proper service of process when challenged. *Polskie Linie Oceaniczne v. Seasafe Transport A/S,* 795 F.2d 968 (11th Cir.1986).

Plaintiff asserts in opposition to the motion to quash the service on NBC that the Federal Deposit Insurance Corporation (FDIC) is an authorized representative or agent for NBC and was served. Plaintiff attempted to serve Defendant NBC and the question is whether or not that attempt of service on Mr. Crawley is valid. The Court concludes it is not.

The question of whether or not the FDIC has been appropriately served and whether it is an authorized agent or representative is separate from this issue. The Court is satisfied that, based on the arguments made, the motion to quash the service of process on NBC Houston should be granted. The Court does not have sufficient information to determine at this time that service on the FDIC is sufficient service over this individual defendant. Even the Plaintiff waffles on the question of whether or not Defendant NBC is in receivership with the FDIC.

Defendant NBC asserts that the appropriate venue in this case is the United States District Court for the Southern District of Texas, Houston Division. It appears that Plaintiff seeks relief from a final judgment entered by that court, based on allegations of fraud and collusion involving counsel for Plaintiff and other parties in the previous suit.

For purposes of this issue, the Court will make the assumption that jurisdiction exists in this forum, without deciding that issue. However, 28 U.S.C. § 1404(a) permits the transfer of a case for the convenience of the parties, convenience of the witnesses, and in the interests of justice.

In making the determination of whether the requested transfer will be in the interest of justice and for the convenience of the parties and witnesses, the Court must "strike a balance on convenience between those elements which weigh in favor of transferring ... and those which favor allowing plaintiff's choice of forum to stand undisturbed." *Umbriac v. American Snacks, Inc.,* 388 F.Supp. 265, 269 (E.D.Pa. 1975). While the Court recognizes that consideration of any number of factors may be relevant to the question of transfer, ultimately the resolution of the question is for the Court's discretion. *Poncy v. Johnson & Johnson,* 414 F.Supp. 551, 553 (S.D.Fla.1976).

Defendant asserts that: 1) the judgment under attack was rendered in the Texas federal court; 2) all counsel accused of fraudulent and collusive conduct reside in Texas; 3) all defendant corporations are Texas corporations; and 4) the only connection with Florida is Plaintiff's relocation here after conclusion of the preceding case. Plaintiff speaks to the issue only to say that the alleged fraudulent acts of Defendants biased the Texas court against Plaintiff and to return the action to Texas would not be in the interests of justice.

The potential witnesses in this case, except for Plaintiff himself, appear to be from other than Florida; specifically, they appear to be from Texas. The corporations being sued have their principal places of business in Texas, where assumedly all of the documentation and records are maintained, including the court records from the first litigation which is being attacked. Relative ease of access to the sources of proof is an important consideration in determining a motion to transfer. *St. Hilaire v. Shapiro*, 407 F.Supp. 1029, 1031 (E.D.N.Y.1976).

All of the actions complained of took place outside of the State of Florida. Only the fortuitous act of Plaintiff moving to Florida gives this State any connection to this controversy. The Court does not find that chance connection sufficient to require the litigation to remain in this venue.

The Court in GRANTING the transfer has considered all of the circumstances of this case, including the interest of all litigants and the public interest. The Court is satisfied the moving party has met the burden of establishing that the motion for transfer should be granted.

The remaining issues raised are whether or not this court has jurisdiction over NBC and whether the complaint states a cause of action against NBC.

The complaint does not state the jurisdictional basis for bringing this action. The claim appears to be one for various acts of fraud, tort claims. If the Court assumes the basis for jurisdiction to be diversity action alleging tort claims, it would have to go to the long-arm statutes of Florida to determine jurisdiction. There is an additional element though in this case: the presence of the FDIC, which Plaintiff maintains bestows jurisdiction over all defendants because they are in receivership by that federal agency.

There being outstanding questions to be addressed in subsequent pleadings as to the sufficiency of service on the individual corporate defendants by effecting service on the FDIC, the question of personal jurisdiction is not yet amenable to resolution. If no service on the individual defendants has been perfected, the question of the statement of a cause of action is not ripe at this time. Therefore, the Court will not address the remaining issues of Defendant NBC's motion.

First City Motion

■ Defendant First City moves the Court to dismiss this action for lack of personal jurisdiction and for failure to state a claim. For the same reasons stated in the discussion of Defendant NBC's motion as to the issue of the personal jurisdiction over Defendant First City, it must be resolved, if necessary, by the transferee court in Texas.

However, upon consideration of the complaint filed in this cause, the Court is satisfied that the motion to dismiss for failure to state a claim should be granted. The complaint attempts to allege fraud against several individual corporate defendants.

Plaintiff does not separate his allegations as to which defendant committed what act, what specific acts where committed, or where and when they were committed. Defendant fails to specify what false statements were made by defendant(s) and what false evidence was filed. The complaint does not state with the requisite particularity the circumstances constituting fraud. Rule 9(b), Fed.R.Civ.P. Accordingly, it is

ORDERED that the motion to quash the service of process on Defendant NBC Houston be granted; Defendant Houston's motion for transfer of venue be granted; ruling on the motions to dismiss for lack of personal jurisdiction be referred to the transferee court; the Clerk of the Court be directed to transfer this cause of action to the United States District Court, Southern District of Texas, Houston Division; Defendant First City's motion to dismiss for failure to state a cause of action be granted, without prejudice; and Plaintiff shall have ten (10) days from the date of the transfer of this case to the Texas District Court in which to file an amended complaint.

DONE and ORDERED.