**TAMPA BAY STORM, INC., Plaintiff,**

v.

**ARENA FOOTBALL LEAGUE, INC., Defendant.**

No. 96–29–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1996.

Herbert Walter Fiss, Jr., Tampa, FL, for Tampa Bay Storm, Inc., plaintiff.

Ronald J. Kurpiers, II, Ft. Lauderdale, FL, for Arena Football League, Inc., defendant.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before this Court on Defendant's Motion For Change of Venue (Dkts. 14, 15) and Plaintiff's response, filed on (Dkt. No. 16). Defendant seeks transfer of this case to the United States Bankruptcy Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a).

## FACTS

Plaintiff, Tampa Bay Storm, Inc. ("TBS"), a Florida corporation, brings this action against Arena Football League, Inc. ("ARENA"), a Delaware corporation, in this Court alleging the following: Count I, breach of contract; Count II, violation of Florida's Antitrust Act; Count III, violation of Unfair and Deceptive Act and Practice; and Count IV, tortious diminution of value.

Plaintiff TBS and Defendant Arena are corporations operating their businesses within the State of Florida. On or about Febru-

ary 22, 1994, a three-party contract/stipulation was signed and entered in the U.S. Bankruptcy Court for the District of Colorado, Case No. 91–25172. The three parties are Arena, Denver Dynamite, Ltd. ("DYNAMITE") and Denver Dynamite Partners ("PARTNERS"). TBS, a general partner of Partners, signed the contract on behalf of Partners (Dkt. 3)

The Complaint alleges Defendant breached the contract by approving the sale of the Dynamite team license for $230,000.00. The Dynamite team license allegedly could have been sold for the price of $950,000.00. Moreover, TBS alleges that Defendant failed to follow the criteria set forth in the contract/stipulation for sale of the team's license.

The Complaint was originally filed in state court, in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida. This Court granted Defendant's Motion to Remove on January 8, 1996 (Dkt. 5). Arena filed its Answer and Affirmative Defenses on January 19, 1996 (Dkt. 11).

### DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) is the statutory codification of the common law doctrine of forum non conveniens. The section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

■ The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court. *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 737 (1st Cir.1977), *cert. denied,* 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133. Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). The movant has the burden of persuading the trial court that the transfer is appropriate and should be granted. *Factors Etc., v. Pro Arts, Inc.,* 579 F.2d

215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

■ In order to overcome the presumption in favor of Plaintiff's choice of forum, the movant must show the balance of convenience is "strongly in favor" of the transfer. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947). The issue in this Motion is whether Plaintiff's choice of the Middle District of Florida as the forum of this action, creates problems of convenience for Defendants and their witnesses of such a substantial nature, that the transfer is appropriate in the interest of justice. *Follansbee Metals Co. Inc., v. John T. Clark and Son of N.H. Inc.,* 387 F.Supp. 574, 581 (W.D.Penn.1974).

■ In answering this question, this Court must consider the following factors: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relevant documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious and inexpensive. *O'Brien v. Goldstar Technology, Inc.,* 812 F.Supp. 383, 385 (W.D.N.Y.1993).

■ Defendant maintains that transfer to the United States Bankruptcy Court for the District of Colorado would be in the best interest for all the parties, and the witnesses. Defendant bases his request for transfer on several considerations. The first basis is the United States Bankruptcy Court's familiarity with all the facts and circumstances surrounding the bankruptcy proceeding which the Plaintiff's case encompasses. Second, the majority, if not all, of Defendant's sources of proof and evidence, including testimony of witnesses, surrounding the facts embodied in the contract in question, are contained in the Colorado Bankruptcy Court. Lastly, that this case was sufficiently related to, and could have been commenced in, the United States Bankruptcy Court for the District of Colorado.

Plaintiff insists that its choice of forum should prevail. First, Plaintiff maintains that the contract/stipulation entered in the

District of Colorado is an agreement between three parties, two of which are parties of this action. Plaintiff is a Florida Corporation, and Defendant is a Delaware Corporation. Both corporations are registered and authorized under the laws of the State of Florida to transact business in this state. Plaintiff and Defendant are conducting business in Pinellas County, Florida.

Second, Plaintiff's claims in the Complaint concern breach of contract, violation of Florida Antitrust Act (Fla.Stat. § 542), violation of Florida's Unfair and Deceptive Acts and Practice Act (Fla.Stat. § 501.201), and tortious diminution of value. None of these four counts seeks any action against the debtor, Denver Dynamite, a non-party in this action, and does not seek the reversal of the asset which had already been disposed and administered.

Third, it is not in the best interest of nor convenience of the parties to ask the United States Bankruptcy Court of District of Colorado to interpret Florida Antitrust Act, and Florida's Unfair and Deceptive Acts and Practice Act.

Fourth, in regards to balancing of interests, Defendant has headquarters and its legal counsel in Florida. Defendant's officers and agents all of whom this lawsuit alleges are operating through its Florida headquarters. None of these witnesses are residents of the State of Colorado. Further, neither Plaintiff nor Defendant has a pending case before the United States Bankruptcy Court for the District of Colorado. Lastly, Defendant is barred from raising venue objections or defenses pursuant to Rule 12(g) and 12(h), Federal Rules of Civil Procedure (1996).

This Court finds that Defendant has not shown the balance of convenience is strongly in favor of the transfer of this action of the United States Bankruptcy Court for the District of Colorado. Gulf Oil Corp., 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062. Transfer would burden Plaintiff as much as Defendant, who is conducting businesses locally in Pinellas County, Florida. This Court is familiar with the issues of Florida law which have been raised, while the U.S. Bankruptcy Court in the District of Colorado would be required to interpret Florida's Antitrust Act, and Florida's Unfair and Deceptive Acts and Practice Act. Further, Defendant has not identified witnesses and specified documents through an affidavit, and Defendant's general allegations of inconvenience as to witnesses and sources of proof are insufficient. Accordingly, it is

**ORDERED** that Defendant's Motion to Change Venue (Dkt. No. 14) is **denied.**

**DONE and ORDERED.**