**AMERICAN AIRCRAFT SALES INTERNATIONAL, INC.,
Plaintiff,**

v.

**AIRWARSAW, INC. and Biomet, Inc., Defendant.**

**No. 98–365–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

July 2, 1999.

David S. Maglich, Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, FL, for American Aircraft Sales Int'l, Inc., plaintiff.

Thomas M. Baumer, Steven E. Brust, Baumer, Bradford & Walters, P.A., Jacksonville, FL, for defendants.

### ORDER ON DEFENDANT AIRWARSAW'S MOTION TO TRANSFER VENUE

KOVACHEVICH, Chief Judge.

This case is before the Court on Defendant Airwarsaw's Motion to Transfer Venue and Memorandum, (Dkts.28, 29), and Plaintiff's Response. (Dkt.30).

### FACTUAL BACKGROUND

Plaintiff American Aircraft Sales International, Inc. sued Defendant Airwarsaw, Inc. and Biomet, Inc. for anticipatory breach of contract and specific performance. (Dkt.2). Plaintiff originally sued Defendants in state court, alleging that Defendants engaged in substantial business activity on an ongoing basis within the State of Florida. (Dkt.2).

Defendants filed a petition for removal to the United States District Court for the Middle District of Florida, alleging that this Court has diversity jurisdiction over this case because Defendants are corporations with their principal places of business in the State of Indiana, and Plaintiff is a corporation with its principal place of business in the State of Florida. (Dkt.1). The amount in controversy exceeds $75,000.

(Dkt.1). This Court granted Defendants' removal on February 24, 1998. (Dkt.5).

Defendant Airwarsaw is the registered owner of a Citation II Aircraft, and is believed to hold legal title to the aircraft for the benefit of Defendant Biomet. (Dkt.2). In its complaint, Plaintiff alleges that on or about September 5, 1997, Plaintiff and Defendants entered into a contract whereby Plaintiff was to purchase Defendant's Citation II Aircraft for $1,425,000. (Dkt.2). Plaintiff made a timely purchase deposit with the escrow agent, pursuant to the contract, and attempted to proceed with aircraft inspection and the transaction closing. Defendant Airwarsaw provided written notice to Plaintiff that it was unilaterally attempting to terminate the contract and refusing to proceed with the sale. (Dkt.2). To date, the contracted sale has not occurred. (Dkt.2).

Defendant Airwarsaw filed a motion to transfer venue, alleging that venue in the United States District Court for the Middle District of Florida is improper because neither Defendant corporations are Florida corporations, the Middle District of Florida is not a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred, nor is the property at issue in Plaintiff's complaint situated in the Middle District of Florida. (Dkt.28). Defendant requests transfer because both Defendant Airwarsaw and Defendant Biomet are subject to personal jurisdiction in the Northern District of Indiana and the action could have been brought there. Defendant contends venue in the Middle District of Florida is not proper. (Dkt.28).

In his Affidavit, Mr. Garber testified that Defendant Airwarsaw would lease the Citation II Aircraft to Defendant Biomet. (Dkt.12). Mr. Garber stated that his duty as Secretary of Airwarsaw was to oversee all operational functions for any Airwarsaw aircraft. (Dkt.12).

Mr. Garber testified that all Airwarsaw aircraft are maintained and repaired in Indiana and that Airwarsaw never engaged in any business activities nor leased any aircraft to corporations within the State of Florida. (Dkt.12). Further, Mr. Garber listed twenty-two activities that Defendant Airwarsaw never conducted within the State of Florida. (Dkt.12). These activities range from maintaining a bank account and agents, to soliciting services and selling products. (Dkt.12). Mr. Garber did, however, testify that Defendant Airwarsaw owned the Aircraft in question, but the Aircraft was leased to Defendant Biomet. (Dkt.12). Defendant Biomet's only interest in the Aircraft is as a lessee. (Dkt.12).

Mr. Garber testified that it was common knowledge among aircraft brokers in Summer 1997 that Defendant Airwarsaw was considering selling the Aircraft, and that Mr. Gregory Love, Vice President of Plaintiff's corporation, contacted him on behalf of Plaintiff about possibly purchasing Defendant Airwarsaw's Aircraft. (Dkt.12). Further, Mr. Garber alleges that although the Aircraft was not available for sale until alternative arrangements were made for Defendant Biomet, Mr. Love contacted him several more times concerning the Aircraft's sale. (Dkt.12). On one occasion in particular, Mr. Love indicated that he would be in Indiana, and was interested in inspecting Defendant Airwarsaw's Aircraft. (Dkt.12). Mr. Garber consented, and Mr. Love inspected the Aircraft in August 1997. (Dkt.12).

On September 3, 1997, Plaintiff sent Defendant Airwarsaw an offer to purchase the Aircraft via facsimile. (Dkt.12). On September 5, 1997, Mr. Garber added one additional provision to the purchase offer, signed it, and faxed it back to Mr. Love. (Dkt.12).

Mr. Garber states that Defendant Airwarsaw never traveled to Florida in connection with the sale, nor initiated any fax, telephone, or U.S. mail contact with Plaintiff. (Dkt.12). Mr. Garber further stated that the agreed pre-purchase inspection

location would be in Michigan. (Dkt.12). Mr. Garber testified that although the parties never determined where actual delivery of the plane would occur, the customary method of delivery within the industry is to deliver the plane at the seller's location, which in this case is Indiana. (Dkt.12).

Mr. Love, Vice President of American Aircraft Sales International, Inc., acted as a principal broker and agent for Plaintiff. (Dkt.18). Mr. Love testified that he personally learned of Defendant Airwarsaw's Aircraft sale from a sale listing in "Jet Net," a computer advertising service. (Dkt.18). In July 1997, Mr. Love contacted Defendant Biomet concerning the computer advertisement and Defendant Biomet told Mr. Love that the Aircraft was, in fact, for sale. (Dkt.18).

On or about July 29, 1997, Mr. Love once again contacted Biomet and spoke to Mr. Greg Garber, who identified himself as the chief pilot for the Aircraft. (Dkt.18). Mr. Garber allegedly stated that the Aircraft was still for sale, as long as a substitute aircraft was located for Defendant Biomet. (Dkt.18). On that same day, someone from Defendant Biomet faxed Mr. Love a two-page document relating to the Citation II Aircraft. (Dkt.18). Defendant Biomet's fax number and location were printed on the document. (Dkt.18).

Mr. Love testified that he again contacted Mr. Garber in early August, 1997, and advised Mr. Garber that he would be in the Warsaw, Indiana area, and wanted to inspect the Aircraft and to possibly purchase the Aircraft. (Dkt.18). Mr. Love inspected the Aircraft in August, 1997. (Dkt.18).

Mr. Love faxed a memorandum to Defendant Biomet registering Plaintiff as a potential purchaser. (Dkt.18). Defendant Biomet, via Stanley Helper, signed the memo, and faxed it to Plaintiff. (Dkt.18). Defendant Biomet then faxed a letter to Plaintiff confirming the proposed sale price and conditions of sale. (Dkt.18).

After further discussions, Plaintiff faxed Defendant Airwarsaw an offer to purchase via Greg Garber. (Dkt.18). Mr. Garber signed the contract and returned it to Plaintiff. (Dkt.18).

Mr. Love testified that he and Mr. Garber discussed appropriate service facilities, and Mr. Garber mentioned that Orlando, Florida contained a service facility. (Dkt.18). Mr. Love testified that he assumed the pre-inspection would be at any location chosen by Plaintiff because pre-purchase inspection would be at Plaintiff's expense, and industry custom called for pre-purchase inspection to be at the buyer's specified location. (Dkt.18).

Mr. Love further alleges that Plaintiff's intent was for the Aircraft to be delivered to Venice, Florida for the closing of the contract, and that because Plaintiff was the ultimate purchaser, it was customary in the industry for the plane to be delivered to a location specified by the buyer. (Dkt.18).

Mr. Love stated that Defendant's Aircraft was going to be in Naples, Florida for Labor Day weekend, 1997, and that the Aircraft made regular trips to Florida to pick up Biomet customers and fly them to Indiana. (Dkt.18). Finally, Mr. Love testified that Mr. Dane Miller owned both Defendant Biomet and Defendant Airwarsaw, and that both Defendants used the same telephone and facsimile numbers. (Dkt.18).

### DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) is the statutory codification of the common law doctrine of forum non conveniens. *See Tampa Bay Storm v. Arena Football League, Inc.,* 932 F.Supp. 281, 282 (M.D.Fla.1996). The section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

been brought." *See* 28 U.S.C. § 1404(a) (1994).

■ Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any district where it could have been brought for (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996). The Eleventh Circuit has determined that a court should be somewhat restrictive in transferring actions, stating that "[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations." *Id.*, (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981), *cert denied* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982) (internal quotations omitted)).

■ The standard for transfer under § 1404(a) allows broad discretion of the trial court. *See Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737 (1st Cir.1977). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. *See Tampa Bay Storm*, 932 F.Supp. at 282. The movant has the burden of persuading the trial court that transfer is appropriate and should be granted. *See id.*

■ In order to overcome the presumption in favor of Plaintiff's choice of forum, the movant must show the balance of convenience is "strongly in favor" of the transfer. *See id.* The issue in this Motion is whether Plaintiff's choice of the Middle District of Florida as the forum of this action, creates problems of convenience for Defendant Airwarsaw and its witnesses of such a substantial nature that transfer is appropriate in the interest of justice. *See id.*

■■ The decision whether to transfer venue is within the discretion of the trial court, and each case should be decided on its particular facts. *See Brown v. Con-*

*necticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir.1991) (quoting *Howell* 650 F.2d at 616). In answering this question, this Court must consider the following factors: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *See id.*

## A. Jurisdiction in the Northern District of Indiana

■ The threshold question is whether this civil case may have been brought in the desired district of transfer, Northern District of Indiana. *See Garay v. BRK Electronics*, 755 F.Supp. 1010 (M.D.Fla. 1991). The courts will not disturb a plaintiff's selected venue merely to shift inconveniences between the parties. *See id.* at 1011.

In the present case, the jurisdiction of the Middle District of Florida is based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (1994). Based on the allegations of the Complaint, because both Defendant Airwarsaw and Defendant Biomet are incorporated under the State of Indiana, their principal places of business are in Indiana, and a number of events giving rise to Plaintiff's cause of action occurred in Indiana, the action could have been brought in Indiana as well as Florida. The initial requirement of transfer to a district where the cause of action could have originally been brought is met.

## B. Convenience of the Parties

The next factor the Court must consider is whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice. "In the absence of a clear difference in convenience, the plaintiff's choice of forum is determinative." *See Bolesky v. Banc One*

*Corp.*, 1996 WL 686797 at *4 (M.D.Fla. 1996) (citing *NTN Bearing Corp. v. Charles E. Scott, Inc.*, 557 F.Supp. 1273, 1279 (N.D.Ill.1983)).

Defendant Airwarsaw asserts that the following factors are determinative of its motion to transfer this case to the Northern District of Indiana:

(a) the United States District Court for the Northern District of Indiana has personal jurisdiction over both Defendants;

(b) this Court has already transferred the action as against Biomet, Inc. to the Northern District of Indiana, and therefore a transfer of the action as against Airwarsaw would ensure the entire action could be brought and resolved in one forum;

(c) all of the witnesses for Airwarsaw reside and are employed in Indiana;

(d) all documents maintained by Airwarsaw regarding the transactions sued on in this case are located and maintained in Indiana;

(e) access to sources of proof would be facilitated if the action was in Indiana;

(f) virtually all of the events which give rise to Plaintiff's claim arose out of dealing in Indiana;

(g) Indiana law applies to this transaction and it is important for the home state of the law governing the transaction to apply it;

(h) the property at issue (the Citation II) is located and maintained in Indiana; and

(i) the costs, expenses and burdens of obtaining the attendance of witnesses will be reduced if the action is transferred to the Northern District of Indiana and;

(j) Defendant Airwarsaw submits that the same factors compelling the Court's ruling on co-defendant Biomet's Motion to Transfer Venue apply equally here and thus weigh in favor of Airwarsaw in transferring this action to the same district court. (Dkt. 22; Dkt. 28; Dkt. 29).

In response, Plaintiff asserts the following factors in opposition to transfer and in support of maintaining its choice of forum:

(a) a substantial part of the events or omissions giving rise to the claim occurred in Florida;

(b) a substantial part of the property that is the subject of the claim is located in Florida;

(c) Defendant Airwarsaw did not specify key witnesses to be called and what they would testify to;

(d) Plaintiff intends to call Greg Love, Vice President and affiant, and Charles Tolbert, Plaintiff's President who would testify to his role in reviewing the deal and custom in the industry regarding inspection and delivery;

(e) Plaintiff intends to call additional non-party witnesses who will include expert witnesses from Florida concerning standards in the industry on certain relevant issues such as inspections, place of delivery and customary contractual dealings;

(f) all Plaintiff's evidentiary records and documents are located in the State of Florida and;

(g) granting Defendant Airwarsaw's request for transfer of venue would merely transfer inconvenience for the parties and witnesses from Defendants to Plaintiff. (Dkt.30).

This Court gives great weight to the convenience of the parties and witnesses. The Court finds that convenience of the witnesses and parties lies in favor of Defendant Airwarsaw. Defendant Airwarsaw alleges that numerous Airwarsaw employees and personnel will testify as to both Defendant's records, business practices, and positions in this particular case.

Plaintiff plans on calling only two of its employees as witnesses, Plaintiff's President and Vice President. (Dkt.30). Plaintiff also submitted its intent to possibly call unspecified expert witnesses or witness. (Dkt.30). However, the travel expenses

for Plaintiff would be much less for Plaintiff if Plaintiff must litigate the case in Indiana than the expense would be for Defendants Airwarsaw and Biomet if Defendants had to fly numerous employees to Florida for litigation. Furthermore, Plaintiff has established contacts within Indiana, and traveled to Indiana prior to this case for pre-inspection of the Aircraft, while Defendant Airwarsaw's contacts with the State of Florida are in dispute. (Dkt. 12; Dkt. 18).

### C. Location of Relevant Documents and Other Sources of Proof

Relative ease of access to the sources of proof is an important consideration in determining a motion to transfer venue. *See Cortez v. First City National Bank of Houston,* 735 F.Supp. 1021, 1024 (M.D.Fla. 1990). The location of relevant documentation and records regarding Plaintiff's claims is important. *See id.*

Defendant Airwarsaw alleges that all of the relevant documentation relating to the Citation II Aircraft is located in Indiana along with the Aircraft. (Dkt. 28; Dkt. 29). This information includes the maintenance documentation, logs, and manuals related to the Citation II Aircraft. Both parties, however, have documentation relating to the contract formation. Therefore, the contract records are available in Florida and Indiana.

In order to overcome the presumption in favor of Plaintiff's choice of forum, Defendant Airwarsaw must show the balance of convenience is "strongly in favor" of the transfer. *See Bolesky,* 1996 WL 686797 at *5. Defendant Airwarsaw has met its burden here. Because a majority of the witnesses reside in Indiana, the property in dispute lies in Indiana, and almost all documentation relating to the Citation II Aircraft is in Indiana, it would be more burdensome and not in the interest of justice to require Defendant Airwarsaw to incur enormous time and expense to litigate this case in Florida. Additionally, this Court granted Co-defendant Biom-

et's Motion to Transfer Venue to the Northern District of Indiana. (Dkt.22). To try this matter in two districts is a waste of time and resources for the Courts and the parties. Accordingly, it is

**ORDERED** that Defendant Airwarsaw's Motion to Transfer Venue is **granted,** and the Clerk of Court shall **transfer** this case to the Northern District of Indiana.