CENTRAL MONEY MORTGAGE
CO. [IMC], INC., Plaintiff,

v.

Brian HOLMAN et al., Defendants.

No. 8:00–CV–11–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 29, 2000.

Steven Arthur Werber, Foley & Lardner, Jacksonville, FL, William J. Rodgers, Collier, Shannon, Rill & Scott, Washington, DC, John W. Campbell, Constangy, Brooks & Smith, LLC, Tampa, FL, for Central Money Mortgage Co.[IMC], Inc., a Florida corporation, plaintiff.

William J. Rodgers, Frank Koszorus, Jr., Collier, Shannon, Rill & Scott, Washington, DC, John W. Campbell, Constangy, Brooks & Smith, LLC, Tampa, FL, for Brian Holman, defendant.

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE

KOVACHEVICH, District Judge.

This cause comes before the Court on the following:

| Dkt. 4 | Motion to Transfer |
|--------|--------------------|
| Dkt. 5 | Memorandum |
| Dkt. 8 | Affidavit |
| Dkt. 12 | Response |
| Dkt. 13 | Affidavit |
| Dkt. 14 | Affidavit |
| Dkt. 18 | Reply |

### I. STANDARD OF REVIEW

A motion to transfer is governed by 28 U.S.C. § 1404(a), which permits changes of venue within the unified federal judiciary. *See American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.,* 55 F.Supp.2d 1347 (M.D.Fla.1999). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." *See* 28 U.S.C. § 1404(a) (2000).

### II. FACTUAL BACKGROUND

Central Money Mortgage Co. [IMC], Inc. ("Plaintiff" or "CMM"), a wholly-

owned subsidiary of IMC Mortgage Company ("IMC"), was a Florida corporation engaged in the mortgage banking business prior to its sale to CitiFinancial Mortgage Company in 1999. Brian Holman and Richard Toomey (collectively, "Defendants"), both Maryland residents, are the former owners of CMM, which was headquartered in Maryland. On August 19, 1997, IMC and Defendants entered into an Asset Purchase Agreement in which Defendants transferred all of CMM's assets to IMC.

As part of the consideration listed in the Asset Purchase Agreement, the parties entered into an Employment Agreement whereby Plaintiff retained Defendants as President and Vice–President respectively of CMM and Defendants were appointed to the CMM Board of Directors. In addition, IMC was to give Defendants $11 million in IMC common stock, and register $5.4 million of that stock within twenty days so Defendants could convert it into cash. IMC did not register the $5.4 million in shares, and Defendants brought an action against IMC and IMC's counsel in the District of Maryland on June 17, 1999.

On August 13, 1999, George Nicholas, Chief Executive Officer of IMC, terminated Defendants. Defendants then amended their complaint, and added a count alleging that IMC breached the Employment Agreement by refusing to pay back wages and other monies owed. On December 9, 1999, IMC filed a complaint in Florida state court alleging Defendants breached the Employment Agreements. On January 4, 2000, Defendants removed the IMC case to this court.

### III. *DISCUSSION*

■ Defendants seek to transfer this case to the District of Maryland on the grounds that Maryland is a more convenient forum for the parties and witnesses, and transfer is in the interest of justice, citing 28 U.S.C. § 1404(a). Defendants acknowledge that the movant has the burden of persuading the trial court that transfer of venue should be granted. *See Oller v.*

*Ford Motor Co.*, 1994 WL 143017 (M.D.Fla.1994). Therefore, according to section 1404(a) and the burden placed upon the Defendants, the questions the Court must address are: (A) whether the action have been brought in Maryland; (B) whether transferring the action will be for the convenience of the parties and witnesses; and (C) whether transfer will be in the interest of justice.

### A. Jurisdiction and Venue in Maryland

Plaintiff does not dispute that the action "could have been brought in the courts of the state of Maryland." Therefore, Maryland is a proper jurisdiction for this cause of action. Defendants have met the first requirement for transfer.

### B. Convenience of the Parties and Witnesses

■ Convenience of the parties is practically irrelevant to whether the motion to transfer should be granted. *Colondy v. Iverson, Yoakum, Papiano & Hatch*, 1994 WL 150835 (M.D.Fla.1994). Therefore, Plaintiffs' argument that Defendants are trying to shift the inconvenience to the other party is without merit. *See Id.* Moreover, Defendants filed suit in the District of Maryland prior to this suit's filing. The parties will be present in the District of Maryland to litigate the suit filed first.

■ Convenience of the witnesses is given more weight when considering transfer of venue. *See Gundle Lining Constr. v. Fireman's Fund Ins.*, 844 F.Supp. 1163 (S.D.Tex.1994). Both parties intend to call non-party witnesses that reside in Maryland and Florida. In the Maryland suit, it is likely that the same material non-party witnesses will be asked to testify regarding the same matters. Since the witnesses will already be present in Maryland, their inconveniences are minimal compared to the time and travel necessary to litigate this issue in Florida and in Maryland.

## C. Interest of Justice

In addition to weighing the convenience of the parties and witnesses, the Court must weigh the costs, judicial economy and efficiency, expeditious discovery and trial process. *See Tingley Systems, Inc. v. Bay State HMO Mgt.,* 833 F.Supp. 882 (M.D.Fla.1993) (citing, *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Since the pending action in Maryland involves the same central issue as well as parties and witnesses as the present case, it would be more expeditious to try both cases in the same forum. Consolidation of the cases would promote judicial economy and efficiency, and avoid problems related to duplicative actions in multiple forums.

Plaintiffs further argue that relative ease of access to the sources of proof is an important consideration in transferring venue. The Court agrees with this argument, but also realizes that the thousands of documents Plaintiffs claim are easily accessed in Florida will be used to defend the action against them in Maryland. Therefore, the documents will be easily accessible if transfer to federal court in Maryland is granted.

## IV. *Conclusion*

In summary, the Court, in granting Defendant's motion to transfer, has considered all circumstances of the case, including the interests of the parties and witnesses, and the interest of justice. The Court concludes that the Defendants, as the moving parties, have met the burden of proof required to transfer venue so this case may be transferred and consolidated with the pending action in Maryland.

Accordingly it is **ORDERED** that Defendants' motion to transfer (Dkt.4) is **granted.** This cause of action is hereby transferred to the District of Maryland.